IN THE UNITED STATE DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. ANDERER, CHRISTINE BAILEY,   :
TYRONE BLUME, JOHN CLINGER, MARY   :
COSTELLO, THOMAS L. DEACON, JOSEPH   :
PEREZ FELICIANO, VALERIE FORD,   :
MARK GERASIM, MONICA GRAY,   :
LARRY GROFF, RAFAEL GUZMAN, JANICE   :
HARMES, MERVIN HIGH, ELSIE KORTH,   :
JOHN LUCAS, CARMEN LUZ MALDANADO,   :
CANDI MEDINA, JOSE A. MEDINA, JR.,   :
DOUGLAS J. MOECKEL, MILDRED   :
OGUENDO, DORIS PEREZ, GLADIXA E.   :
PEREZ, NORBERTO PEREZ, JEFFERY   :
RUTH, DONALD Z. SHAUB, JR., MONICA   :
WHITEHEAD, ROBERT G. ZERN and RED   :
ROSE TRANSIT AUTHORITY,   :
          Plaintiffs,   :
                                  :   CIVIL ACTION #:
          v.   :
                                    :
MODEL MANAGEMENT SERVICES,   :
INC., TIMOTHY SCHWARTZ and JOHN   :
SCHWARTZ,   :
          Defendants.   :

## COMPLAINT

The Plaintiffs, Michael J. Anderer, Christine Bailey, Tyrone Blume, John Clinger, Mary

Costello, Thomas L. Deacon, Valerie Ford, Mark Gerasim, Monica Gray, Larry Groff, Rafael

Guzman, Janice Harmes, Mervin High, Elsie Korth, John Lucas, Carmen Luz Maldanado, Candi

Medina, Jose A. Medina, Jr., Douglas J. Moeckel, Mildred Oguendo, Joseph Perez Feliciano,

Doris Perez, Gladixa E. Perez, Norberto Perez, Jeffery Ruth, Donald Z. Shaub, Jr., Monica Whitehead, Robert G. Zern, (hereinafter "Individual Plaintiffs") and Red Rose Transit Authority file the following Complaint and aver as follows:

## NATURE OF COMPLAINT

1.     This is an action under the Fair labor Standards Act, 29 U.S.C. §216(b), for unpaid overtime compensation, liquidated damages, costs and attorneys' fees, along with pendant state law claims for breach of contract and violations of the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.10, and the Pennsylvania Minimum Wage Act, 43 P.S. §333.104, for failure to pay wages, overtime compensation and wrongful deductions from the wages of the Individual Plaintiffs.

## JURISDICTION AND VENUE

2.     Venue is proper in the Eastern District of Pennsylvania because the parties reside within the District and the lawsuit is a result of conduct arising within this District.

3.     Jurisdiction is proper in this Court pursuant to 29 U.S.C. §216(b) and U.S.C. §1331.

4.     This Court has jurisdiction over the pendant state law claims pursuant to 28 U.S.C. §1367(a).

## PARTIES

5.     Plaintiff, Michael J. Anderer, is an adult individual and resides at 456 Daisy
Drive, New Providence, Pennsylvania 17560.

6.     Plaintiff, Christine Bailey, is an adult individual and resides at 65 Maple Farms
Road, Ephrata, Pennsylvania 17522.

7.     Plaintiff, Tyrone Blume, is an adult individual and resides at 47 Caroline Street,
Lancaster, Pennsylvania 17603.

8.     Plaintiff, John Clinger, is an adult individual and resides at 912 Donegal Springs
Road, Mount Joy, Pennsylvania 17522.

9.     Plaintiff, Mary Costello, is an adult individual and resides at 2410 Helena Road,
Lancaster, Pennsylvania 17603.

10.    Plaintiff, Peter Cuthbert, is an adult individual and resides at 125 Juniata Street,
Lancaster, Pennsylvania 17602.

11.    Plaintiff, Thomas L. Deacon, is an adult individual and resides at 105 Sunningdale
Court, Lancaster, PA 17603.

12.    Plaintiff, Joseph Perez Feliciano, is an adult individual and resides at 403 Beaver
Street, Lancaster, Pennsylvania 17602.

13.    Plaintiff, Valerie Ford, is an adult individual and resides at 722 South Queen
Street, Lancaster, Pennsylvania 17603.

14.    Plaintiff, Mark Gerasim, is an adult individual and resides at 175-B Strasburg
Pike, Lancaster, Pennsylvania 17602.

15.   Plaintiff, Monica Gray, is an adult individual and reside sat 222 Howard Avenue, Lancaster, Pennsylvania 17602.

16.   Plaintiff, Larry Groff, is an adult individual and resides at 634 Lititz Manor Drive, Lititz, Pennsylvania 17543.

17.   Plaintiff, Rafael Guzman, is an adult individual and resides at 303 New Dorwart Street, Lancaster, Pennsylvania 17603.

18.   Plaintiff, Janice Harmes, is an adult individual and resides at 573 New Holland Avenue, Lancaster, Pennsylvania 17602.

19.   Plaintiff, Mervin High, is an adult individual and resides at 219 Green Street, Lancaster, Pennsylvania 17602.

20.   Plaintiff, Michael Hollingsworth, is an adult individual and resides at 3135 Lincoln Highway, Paradise, Pennsylvania 17562.

21.   Plaintiff, Richard Kellum, is an adult individual and resides at 126-1/2 East Lemon Street, Lancaster, Pennsylvania 17602.

22.   Plaintiff, Elsie Korth, is an adult individual and resides at 910 North Market Street, Lancaster, Pennsylvania 17603.

23.   Plaintiff, John Lucas, is an adult individual and resides at 1617 River Road, Drumore, Pennsylvania 17518.

24.   Plaintiff, Carmen Luz Maldanado, is an adult individual and resides at 616 Front Street, Lititz, Pennsylvania 17543.

25.     Plaintiff, Candi Medina, is an adult individual and resides at 531 Woodward
        Street, Lancaster, Pennsylvania 17602.

26.     Plaintiff, Jose A. Medina, Jr., is an adult individual and resides at 531 Woodward
        Street, Lancaster, Pennsylvania 17602.

27.     Plaintiff, Douglas J. Moeckel, is an adult individual and resides at 409 East
        Chestnut Street, Cleona, Pennsylvania 17042.

28.     Plaintiff, Mildred Oguendo, is an adult individual and resides at 686 Saint Joseph
        Street, Lancaster, Pennsylvania 17603.

29.     Plaintiff, Doris Perez, is an adult individual and resides at 710 Sterling Place,
        Building #12, Lancaster, Pennsylvania 17603.

30.     Plaintiff, Gladixa E. Perez, is an adult individual and resides at 529 Terrace Road,
        Lancaster, Pennsylvania 17602.

31.     Plaintiff, Norberto Perez, is an adult individual and resides at 686 Saint Joseph
        Street, Lancaster, Pennsylvania 17603.

32.     Plaintiff, Jeffery Ruth, is an adult individual and resides at 25 Park Lane,
        Holtwood, Pennsylvania 17532.

33.     Plaintiff, Donald Z. Shaub, Jr., is an adult individual and resides at 13 West
        Liberty Street, Lancaster, Pennsylvania 17602.

34.     Plaintiff, Monica Whitehead, is an adult individual and resides at 215 East Fulton
        Street, Lancaster, Pennsylvania 17603.

35.    Plaintiff, Robert Zern, is an adult individual and resides at 904 North Queen Street, Lancaster, Pennsylvania 17603.

36.    Plaintiff, Irvin Zink, is an adult individual and resides at 34 West Sunset Avenue, Ephrata, Pennsylvania 17522.

37.    Plaintiff, Red Rose Transit Authority, is a Pennsylvania municipal authority established and existing under the Municipality Authorities Act, and has its principal place of business located at 45 Erick Road, Lancaster, Pennsylvania 17601.

38.    Defendant, Model Management Services, inc., d/b/a Friendly Transportation, has its principal place of business located at 625 East Orange Street, Lancaster, Pennsylvania 17602.

39.    Defendant, Timothy Schwartz, is an adult individual and president of Model Management Services, Inc., and has an address of 201 Tanyard Road, Conestoga, Pennsylvania 17516.

40.    Defendant, John Schwartz, is an adult individual and vice-president of Model Management Services, Inc., and has a business address of 625 East Orange Street, Lancaster, Pennsylvania 17602.

**FACTS**

41.    On or about December 15, 2005, Red Rose Transit Authority advertised a Request For Proposals to provide paratransit services on behalf of Red Rose Transit

6

Authority.

42.    Model Management Services, Inc., responded to the Request For Proposals and
was awarded the contract on June 12, 2006, to provide paratransit services for the
period July 1, 2006 through June 30, 2008 (hereinafter the "2006 - 2008
Contract").

43.    A copy of the 2006 - 2008 Contract between Red Rose Transit Authority and
Model Management Services, Inc., which incorporates the Request For Proposals,
Attachment A, and other documents, is attached as Exhibit A.

44.    Paragraph 12.6.8 of the Request For Proposals section of the 2006 - 2008 Contract
provides the following: "Drivers shall be paid a minimum of $8.75 per hour in the
first year and $9.15 in the second year.  Increases for subsequent years shall be
negotiated.  Contractor will provide RRTA with information about the driver
compensation package including health insurance and other benefits."

45.    The 2006 - 2008 Contract includes a section entitled "Addendum - RFP 09-05,"
Paragraph 17 of which provides: "Section 12.6.8 establishes minimum driver
hourly wages only.  It is the intent of this requirement to ensure that driver
turnover is reduced and that the driver position is more attractive to qualified
individuals."  (Exhibit A, Addendum - RFP 09-05, Paragraph 17).

46.    Paragraph 26A of Attachment A of the 2006 - 2008 Contract provides the

following: "OVERTIME REQUIREMENTS: No contractor or subcontractor contracting for any part of the contract work which may require or involve the employment of laborers or mechanics shall require or permit any such laborer or mechanic in any work week in which he or she is employed on such work to work in excess of forty hours in such work week unless such laborer or mechanic receives compensation at a rate not less than one and one-half times the basic rate of pay for all hours worked in excess of forty hours in such work week."

47.   Model Management Services, Inc. submitted a proposal for and was awarded a contract by Red Rose Transit Authority to provide paratransit services from July 1, 2001 through June 30, 2003, which was extended three years through June 30, 2006 (hereinafter the "2001 - 2006 Contract").

48.   A copy of the 2001 to 2006 Contract is attached as Exhibit B.

49.   Paragraph 33 of Attachment A of the 2001 - 2006 Contract required the payment of overtime compensation for all hours worked in excess of forty in a work week in the performance of the contract with Red Rose Transit Authority and a minimum hourly wage rate of $7.50.

50.   Certain of the Individual Plaintiffs were employed by Model Management Services, Inc. to provide paratransit services under Model Management Services, Inc.'s 2001 - 2006 Contract with Red Rose Transit Authority.

51. All of the Individual Plaintiffs were employed by Model Management Services, Inc. to provide paratransit services under Model Management Services, Inc.'s 2006 - 2008 Contract with Red Rose Transit Authority.

52. The Individual Plaintiffs drove paratransit vehicles, which vehicles generally hold fifteen (15) passengers.

53. It is believed and therefore averred that certain of the Individual Plaintiffs were employed by Model Management Services, Inc. in the performance of the 2001 - 2006 Contract from 2004 through June 30, 2006, at rates less than $7.50 per hour.

54. Certain of the Individual Plaintiffs were employed by Model Management Services, Inc. from July 1, 2006 through June 30, 2007 in the performance of the 2006 - 2008 Contract at rates less than $8.75 per hour.

55. Certain of the Individual Plaintiffs were employed by Model Management Services, Inc. in the performance of the 2006 - 2008 Contract from July 1, 2007 through June 30, 2008 at rates less than $9.15 per hour.

56. Certain of the Individual Plaintiffs who were employed by Model Management Services, Inc. in the performance of the 2001 - 2006 Contract from 2004 through June 30, 2006 worked weeks in excess of forty (40) hours in a work week.

57. When these Individual Plaintiffs worked in excess of forty (40) hours in a work week, from 2004 through June 30, 2006, they were paid at their straight time rate of pay for all hours worked.

58.    When these Individual Plaintiffs worked in excess of forty (40) hours in a work
       week, from 2004 through June 30, 2006, they were not paid at the rate of time and
       one half their hourly rate for hours worked in excess of forty (40).

59.    Certain of the Individual Plaintiffs who were employed by Model Management
       Services, Inc. in the performance of the 2006 - 2008 contract from worked weeks
       in excess of forty (40) hours in a work week.

60.    When these Individual Plaintiffs worked in excess of forty (40) hours in a work
       week, from July 1, 2006 through June 30, 2008, they were paid at their straight
       time rate of pay for all hours worked.

61.    When these Individual Plaintiffs worked in excess of forty (40) hours in a work
       week, from July 1, 2006, through June 30, 2008, they were not paid at the rate of
       time and one half their hourly rate for hours worked in excess of forty (40).

62.    Defendants, Model Management Services, Inc., Timothy Schwartz and John
       Schwartz, deducted Two ($2.00) Dollars per day from the wages of each of the
       Individual Plaintiffs from 2005 through June 30, 2008.

63.    The deductions, known as a "bumper fee," were not authorized by the Individual
       Plaintiffs in writing.

64.    Defendants, Model Management Services, Inc., Timothy Schwartz and John
       Schwartz, also deducted between One Hundred ($150.00) Dollars and Two
       Hundred Fifty ($250.00) Dollars from the wages of the Individual Plaintiffs who

were involved in motor vehicle accidents, during the period 2005 through June 30, 2008.

65. These deductions were not authorized by the Individual Plaintiffs in writing.

66. Timothy Schwartz is a corporate officer of Model Management Services, Inc. and was the individual who made the decision to pay the employees less than the amount required by the contract, the decision to deny the employees overtime compensation, the decision to deduct $2.00 per day from each of the Individual Plaintiffs, and the decision to deduct between $150.00 and $250.00 from the Individual Plaintiffs who were involved in motor vehicle accidents.

67. John Schwartz is a corporate officer of Model Management Services, Inc. and was the individual who made the decision to pay the employees less than the amount required by the contract, the decision to deny the employees overtime compensation, the decision to deduct $2.00 per day from each of the Individual Plaintiffs, and the decision to deduct between $150.00 and $250.00 from the Individual Plaintiffs who were involved in motor vehicle accidents.

68. Timothy Schwartz is an employer within the meaning of the Pennsylvania Wage Payment and Collection Act, the Pennsylvania Minimum Wage Act, and the Fair Labor Standards Act.

69. John Schwartz is an employer within the meaning of the Pennsylvania Wage Payment and Collection Act, the Pennsylvania Minimum Wage Act, and the Fair

Labor Standards Act.

70.     The failure of Defendants, Model Management Services, Inc., Timothy Schwartz

and John Schwartz to pay the wages and overtime compensation due the

Individual Plaintiffs under the 2001 - 2006 Contract, the 2006 - 2008 Contract, the

Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and

Collection, and the Fair Labor Standards Act, is willful, wanton and deliberate.

## COUNT ONE

Individual Plaintiffs v. Model Management Services, Inc. (Breach of Contract 2004-2006)

71.     The Individual Plaintiffs incorporate Paragraphs 1 through 70 as if set forth in

full.

72.     It is believed and therefore averred that Defendant, Model Management Services,

Inc., failed to pay many of the Individual Plaintiffs employed in the performance

of the 2001 - 2006 Contract the required rate per hour of $7.50 from 2004 through

June 30, 2006.

73.     Defendant, Model Management Services, Inc., failed to pay many of the

Individual Plaintiffs employed in the performance of the 2001 - 2006 Contract

overtime compensation at the rate of time and one-half for hours worked in excess

of forth (40) hours in a work week as required by the Contract from 2004 through

June 30, 2006.

74.    Defendant, Model Management Services, Inc., promised and contractually agreed with Red Rose Transit Authority to pay employees employed by Model Management Services, Inc. in the performance of the 2001 - 2006 Contract the minimum wage rate of $7.50 per hour.

75.    Recognition of the right of the Individual Plaintiffs to be paid a minimum wage rate of $7.50 per hour is appropriate to effectuate the intentions of Red Rose Transit Authority and Model Management Services, Inc. as set forth in their 2001 - 2006 Contract.

76.    Requiring Defendant Model Management Services, Inc. to pay the Individual Plaintiffs a minimum wage rate of $7.50 per hour for all hours which they worked in the performance of the 2001 - 2006 Contract will satisfy Defendant's obligation under this Contract to pay this money to the Individual Plaintiffs.

77.    Recognition of the right of the Individual Plaintiffs to be paid at the rate of time and one half their regular rate for all hours worked in excess of forty (40) hours in a work week is appropriate to effectuate the intentions of Red Rose Transit Authority and Model Management Services, Inc. as set forth in their 2001 - 2006 Contract.

78.    Requiring Defendant Model Management Services, Inc. to pay the Individual Plaintiffs at the rate of time and one half their regular rate for all hours worked in excess of forty (40) in a work week in the performance of the 2001 - 2006

13

Contract will satisfy Defendant's obligation under this Contract to pay this money to the Individual Plaintiffs.

79. The Individual Plaintiffs are intended beneficiaries of the 2001 - 2006 Contract between Model Management Services, Inc. and Red Rose Transit Authority.

80. As intended beneficiaries to the 2001 - 2006 Contract between Red Rose Transit Authority and Model Management Services, Inc., the Individual Plaintiffs were entitled to at least $7.50 per hour as required by the contract and overtime compensation at the rate of time and one half for all hours worked in excess of forty (40) hours in a work week in the performance of the Contract with Red Rose Transit Authority.

81. The failure of Model Management Services, Inc. to pay the Individual Plaintiffs a minimum wage rate of $7.50 per hour in the performance of the 2001 - 2006 Contract is a breach of that Contract.

82. The failure of Model Management Services, Inc. to pay the Individual Plaintiffs overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) hours in a work week in the performance of the 2001 - 2006 Contract is a breach of that Contract.

83. The Individual Plaintiffs are entitled to damages in excess of Fifty Thousand Dollars ($50,000.00) as a result of Model Management Services, Inc. breach of the 2001 - 2006 Contract.

14

WHEREFORE, the Individual Plaintiffs request judgment against Model Management Services, Inc. in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT TWO

<u>Individual Plaintiffs v. Model Management Services, Inc. (Breach of Contract 2006 - 2008)</u>

84.    The Individual Plaintiffs incorporate Paragraphs 1 through 83 as if set forth in full.

85.    Defendant, Model Management Services, Inc., failed to pay certain of the Individual Plaintiffs employed in the performance of the 2006 - 2008 Contract the required minimum wage rate of $8.75 per hour during the period July 1, 2006 through June 30, 2007.

86.    Defendant, Model Management Services, Inc., failed to pay certain of the Individual Plaintiffs employed in the performance of the 2006 - 2008 Contract the required minimum wage rate of $9.15 per hour during the period July 1, 2007 through June 30, 2008.

87.    Defendant, Model Management Services, Inc., failed to pay certain of the Individual Plaintiffs employed in the performance of the 2006 - 2008 Contract overtime compensation at the rate of time and one half for hours worked in excess of forty (40) hours in a work week during the period July 1, 2006 through June 30, 2008.

88.    Defendant, Model Management Services, Inc., promised and contractually agreed

15

with Red Rose Transit Authority to pay employees employed by Model Management Services, Inc. in the performance of the 2006 - 2008 Contract the minimum wage rate of $8.75 per hour for the first year of the contract, July 1, 2006 through June 30, 2007.

89.   Defendant, Model Management Services, Inc., promised and contractually agreed with Red Rose Transit Authority to pay employees employed by Model Management Services, Inc. in the performance of the 2006 - 2008 Contract the minimum wage rate of $9.15 per hour for the second year of the contract, July 1, 2007 through June 30, 2008.

90.   Defendant, Model Management Services, Inc., promised and contractually agreed with Red Rose Transit Authority to pay employees employed by Model Management Services, Inc. in the performance of the 2006 - 2008 Contract overtime compensation at the rate of time and one-half the regular rate of pay for all hours worked in excess of forty (40) hours in a work week.

91.   Recognition of the right of the Individual Plaintiffs to be paid a minimum wage rate of $8.75 per hour for the period from July 1, 2006 through June 30, 2007, is appropriate to effectuate the intentions of Red Rose Transit Authority and Model Management Services, Inc. as set forth in their 2006 - 2008 Contract.

92.   Requiring Defendant Model Management Services, Inc. to pay the Individual Plaintiffs a minimum wage rate of $8.75 per hour for all hours which they worked

from July 1, 2006 through June 30, 2007, in the performance of the 2006 - 2008 Contract, will satisfy the Defendant's obligation under this Contract to pay this money to the Individual Plaintiffs.

93.     Recognition of the right of the Individual Plaintiffs to be paid a minimum wage rate of $9.15 per hour for the period from July 1, 2007 through June 30, 2008, is appropriate to effectuate the intentions of Red Rose Transit Authority and Model Management Services, Inc. as set forth in their 2006 - 2008 Contract.

94.     Requiring Defendant Model Management Services, Inc. to pay the Individual Plaintiffs a minimum wage rate of $9.15 per hour for all hours which they worked from July 1, 2007 through June 30, 2008, in the performance of the 2006 - 2008 Contract, will satisfy Defendant's obligation under this Contract to pay this money to the Individual Plaintiffs.

95.     Recognition of the right of the Individual Plaintiffs to be paid at the rate of time and one half their regular rate for all hours worked in excess of forty (40) hours in a work week is appropriate to effectuate the intentions of Red Rose Transit Authority and Model Management Services, Inc. as set forth in their 2006 - 2008 Contract.

96.     Requiring Defendant Model Management Services, Inc. to pay the Individual Plaintiffs at the rate of time and one half their regular rate for all hours worked in excess of forty (40) in a work week in the performance of the 2006 - 2008

17

Contract will satisfy Defendant's obligation under this Contract to pay this money to the Individual Plaintiffs.

97. The Individual Plaintiffs are intended and incidental beneficiaries of the 2006 - 2008 Contract between Model Management Services, Inc. and Red Rose Transit Authority.

98. As intended and incidental beneficiaries to the 2006 - 2008 Contract between Red Rose Transit Authority and Model Management Services, Inc., the Individual Plaintiffs were entitled to at least $8.75 per hour during the first year of the contract, $9.15 per hour during the second year of the contract, and overtime compensation at the rate of time and one half for all hours worked in excess of forty (40) hours in a work week, in the performance of the 2006 - 2008 Contract with Red Rose Transit Authority.

99. The failure of Model Management Services, Inc. to pay the Individual Plaintiffs $8.75 per hour during the first year of the 2006 - 2008 Contract, $9.15 per hour during the second year of the 2006 - 2008 Contract, and overtime compensation at the rate of time and one half for all hours worked in excess of forty (40) hours in a work week, in the performance of the contract with Red Rose Transit Authority is a breach of that Contract.

100. The Individual Plaintiffs are entitled to damages in excess of Fifty Thousand Dollars ($50,000.00) as a result of Model Management Services, Inc. breach of

the 2006 - 2008 Contract.

WHEREFORE, the Individual Plaintiffs request judgment against Model Management Services, Inc. in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT THREE

### Red Rose Transit Authority v. Model Management Services, Inc.

### (Breach of Contract 2004 - 2006)

101.    Red Rose Transit Authority incorporates Paragraphs 1 through 100 as if set forth in full.

102.    The failure of Model Management Services, Inc. to pay its employees $7.50 per hour during the 2001 - 2006 Contract and overtime compensation at the rate of time and one half for all hours worked in excess of forty (40) hours in a work week, in the performance of the Red Rose Transit Authority Contract, is a breach of that Contract.

103.    Red Rose Transit Authority has suffered damages in excess of Fifty Thousand Dollars ($50,000.00) as a result of Model Management Services, Inc.'s breach of the contract.

WHEREFORE, in the alternative, if judgment is not entered in favor of the Individual Plaintiffs, Red Rose Transit Authority requests that judgment be entered in its favor and against Model Management Services, Inc. in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT FOUR

19

Red Rose Transit Authority v. Model Management Services, Inc.

(Breach of Contract 2006 - 2008)

104.   Red Rose Transit Authority incorporate Paragraphs 1 through 103 as if set forth in full.

105.   The failure of Model Management Services, Inc. to pay its employees $8.75 per hour during the first year of the Contract, $9.15 per hour during the second year of the Contract and overtime compensation at the rate of time and one half for all hours worked in excess of forty (40) hours in a work week, in the performance of the 2006 - 2008 Contract with Red Rose Transit Authority is a breach of that Contract.

106.   Red Rose Transit Authority has suffered damages in excess of Fifty Thousand Dollars ($50,000.00) as a result of Model Management Services, Inc.'s breach of the contract.

WHEREFORE, in the alternative, if judgment is not entered in favor of the Individual Plaintiffs, Red Rose Transit Authority requests that judgment be entered in its favor against Model Management Services, Inc. in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT FIVE

Individual Plaintiffs v. Model Management Services, Inc., Timothy Schwartz and John Schwartz

(Pennsylvania Wage Payment and Collection Law)

107.   The Individual Plaintiffs incorporate Paragraphs 1 through 106 as if set forth in

full.

108.    The failure of Defendants, Model Management Services, Inc., Timothy Schwartz and John Schwartz, to pay the Individual Plaintiffs $7.50 per hour during the contract years 2004 through 2006, $8.75 per hour during the contract year July 1, 2006 through June 30, 2007, $9.15 per hour during the contract year July 1, 2007 through June 30, 2008, and overtime compensation for hours worked in excess of forty (40) in a work week from 2005 through June 30, 2008, is a violation of Pennsylvania's Wage Payment and Collection Act.

109.    The Defendants' deduction of $2.00 per day from the wages of the Individual Plaintiffs during each day from July 1, 2005 through June 30, 2008, without their written authorization, is a violation of Pennsylvania's Wage Payment and Collection Law.

110.    The Defendants' deduction of between $150.00 and $250.00 per accident from the wages of the Individual Plaintiffs, during the period from July 1, 2005 through June 30, 2008, without their written authorization, is a violation of Pennsylvania's Wage Payment and Collection Law.

111.    Under 43 P.S. §260.10, the Individual Plaintiffs are entitled to the deductions, unpaid wages and overtime compensation and an amount equal to twenty-five percent (25%) of the total amount of wages due as liquidated damages.

112.    Under 43 P.S. §260.9(a), the Individual Plaintiffs are entitled to costs and

21

reasonable attorneys' fees incurred in the prosecution of this claim.

WHEREFORE, the Individual Plaintiffs request that a judgment be entered against Model Management Services, Inc., Timothy Schwartz and John Schwartz, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus liquidated damages, costs and attorneys' fees.

## COUNT SIX

Individual Plaintiffs v. Model Management Services, Inc., Timothy Schwartz and John Schwartz

(Pennsylvania Minimum Wage Act)

113.   The Individual Plaintiffs incorporate Paragraphs 1 through 112 as if set forth in full.

114.   The failure of Defendants, Model Management Services, Inc., Timothy Schwartz and John Schwartz, to pay overtime compensation at the rate of time and one half for hours worked in excess of forty (40) in a work week from 2005 through June 30, 2008, is a violation of Pennsylvania's Minimum Wage Act.

115.   Under 43 P.S. §333.113, the Individual Plaintiffs are entitled to costs and reasonable attorneys' fees incurred in the prosecution of this claim.

WHEREFORE, the Individual Plaintiffs request that a judgment be entered against Model Management Services, Inc., Timothy Schwartz and John Schwartz, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus liquidated damages, costs and attorneys' fees.

## COUNT SEVEN

Individual Plaintiffs v. Model Management Services, Inc., Timothy Schwartz and John Schwartz

22

(Fair Labor Standards Act)

116.   The Individual Plaintiffs incorporate Paragraphs 1 through 115 as if set forth in full.

117.   The Individual Plaintiffs have consented in writing to become a party in this action (see Exhibit C).

118.   The failure of Model Management Services, Inc., Timothy Schwartz and John Schwartz to pay its employees overtime compensation at the rate of time and one half for hours worked in excess of forty (40) hours in a work week from 2005 through June 30, 2008, is a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

119.   Under 29 U.S.C. §216(b), the Individual Plaintiffs are entitled to unpaid overtime compensation and an equal amount as liquidated damages.

120.   The Individual Plaintiffs are entitled to costs and reasonable attorneys' fees incurred in prosecuting this action.

121.   The Individual Plaintiffs have suffered damages, liquidated damages, costs and attorneys' fees in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Individual Plaintiffs request judgment against Model Management Services, Inc., Timothy Schwartz and John Schwartz in an amount in excess of Fifty Thousand

23

Dollars ($50,000.00), plus costs and reasonable attorneys' fees.

STEVENS & LEE, P.C.

By:     /S/ Susan R. Friedman
        Susan R. Friedman, Esquire
        Attorney I.D. #23741
        Joseph P. Hofmann, Esquire
        Attorney I.D. #58384
        51 South Duke Street
        Lancaster, PA 17602
        srf@stevenslee.com
        Phone - 717/399 6625
        Fax - 610/236 4175
        Attorneys for Red Rose Transit Authority

DEVINE LAW OFFICES, LLC

By:     Kirk L. Wolgemuth / klw45792
        Kirk L. Wolgemuth, Esquire
        Attorney I.D. #45792
        115 East King Street, Suite 300
        Lancaster, PA 17602
        kwolgemuth@devineoffice.com
        Phone - 717/390 3020
        Fax - 717/390 3021
        Attorneys for Individual Plaintiffs

24