

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANDERER, et al., | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | CIV. NO. 08-4721 |
| MODEL MANAGEMENT | : | |
| SERVICES, INC., et. al., | : | |
| Defendants. | : | |

FILED

FEB 2 8 2009

MICHAEL E. KUNZ, Clerk

## MEMORANDUM OF UNDERSTANDING

1. The Parties agree that this case shall be settled and resolved according to the following terms and conditions.

2. Defendants shall pay the individual Plaintiffs overtime wages from July 1, 2005 through July 1, 2008 based on the applicable contractual rates agreed to by Plaintiff Red Rose Transit Authority and Defendant Model Management Services. Defendants shall also pay the individual Plaintiffs a sum equal to the difference between the applicable contractual rates and the wages they actually received during this period. The calculation of these amounts shall exclude the final wage increase of $9.15 per hour. Each individual Plaintiff shall receive a minimum of $150.00.

3. Plaintiffs agree to waive: (1) all claims for "bumper fees" paid by the individual Plaintiffs, and (2) all claims for liquidated damages under the Fair Labor

Standards Act.

4. The Parties agree that all disputes respecting the settlement of this case, including all disputes concerning the calculation of back pay and overtime wages due any of the individual Plaintiffs, shall be finally decided by Judge Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania.

5. Defendants agree to withdraw any allegations that Red Rose Transit Authority's counsel may have a conflict of interest and agree to waive all claims related to any such alleged conflict of interest.

6. At Plaintiff Red Rose Transit Authority's request, Defendants shall subpoena payroll records for the individual Plaintiffs from ADP. In this instance, the deadlines for providing the Consent Decree outlined in paragraph 8 shall be deferred for a period of 30 days. Defendants agree to pay the cost of obtaining these records.

7. The Parties agree to prepare and execute all documents necessary to implement this settlement, including a full mutual release and a mutual non-disparagement agreement. Plaintiffs further agree that this settlement shall not be considered an admission of liability by Defendants.

8. Defendants shall prepare a draft Consent Decree incorporating all of the terms of this Memorandum of Understanding by **February 2, 2009**. Plaintiffs shall respond with their edits by **February 9, 2009**. The Parties shall provide a final Consent Decree for the Court's signature by **February 16, 2009**.

9. Defendants shall pay the final settlement amount to Plaintiffs within 120 days from the date on which the Court approves the Parties' Consent Decree.

10. Defendants agree to pay reasonable fees and costs incurred by counsel for the individual Plaintiffs. Any dispute respecting these counsel fees and costs will be finally resolved by Judge Diamond.

_____
Kirk L. Wolgemuth
Counsel for the Individual Plaintiffs

_____
Theresa Ann Mongiovi
Counsel for Defendants

_____
Susan R. Friedman
Counsel for Red Rose Transit Authority

_____
Timothy J. Schwartz
President, Model Management Services, Inc.

_____
David W. Kilmer
Executive Director, Red Rose Transit Authority

JANUARY 6, 2009