IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL J. ANDERER, et al.,**   Plaintiffs, | : :  : **CIVIL ACTION #: 08-CV-4721** |
| v. | : :  **JUDGE DIAMOND** |
| **MODEL MANAGEMENT SERVICES, INC., d/b/a FRIENDLY TRANSPOR-TATION, et al.,**   Defendants. | : : : : |

## ORDER

AND NOW, this _____ day of July, 2009, pursuant to the within Motion for Attorneys' Fees and Costs, Plaintiffs' counsel, Kirk L. Wolgemuth, Esquire, is awarded $117,962.38 for total fees and costs.

BY THE COURT:

Date: July ____, 2009            By: _____
                                         The Honorable Paul S. Diamond

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ANDERER, et al., : | |
| Plaintiffs, : | CIVIL ACTION #: 08-CV-4721 |
| : | |
| v. : | JUDGE DIAMOND |
| : | |
| MODEL MANAGEMENT SERVICES, : | |
| INC., d/b/a FRIENDLY TRANSPOR- : | |
| TATION, et al., : | |
| Defendants. : | |

### PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

I. INTRODUCTION

This case involves claims for unpaid wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §207 and Pennsylvania's Wage Payment and Collection Law, 43 P.S. §260.10 *et. seq.* The parties have agreed to settle their claims and counsel for the Plaintiffs now seeks an award of reasonable attorneys' fees and costs associated with pursuing the claim pursuant to 43 P.S. §260.9(a) of the Wage Payment and Collection Law and 29 U.S.C. §216(b) of the Fair Labor Standards Act. Based upon counsel's experience, Plaintiffs are requesting attorney's fees of $350.00 per hour based upon a survey of hourly rates of $325.00 to $410.00 per hour which are charged by attorneys in the Eastern District of Pennsylvania with similar experience, his normal billing rate of $250.00 to $450.00 per hour and his level of experience and an award of $2,329.88 in costs, including filing fees, postage, copying and travel.

II.     ARGUMENT

Section 216(b) of the Fair Labor Standards Act provides that "[t]he court... shall, in addition to any judgment awarded to the plaintiff, or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. See 29 U.S.C. §216(b), <u>Steward v. Sears, Roebuck and Company</u>, 2008 U.S. Dist. Lexis 34971, *4 (April 29, 2008, E.D. Pa.); <u>Petrunich v. Sun Building Systems, Inc.</u>, 2008 U.S. Dist. Lexis 28188, *9-10 (Apr.7, 2008, M.D. Pa.); <u>Michael v. Zampino,</u> 1994 U.S. Dist. Lexis 12111, *1 (Aug. 31, 1994, E.D. Pa.).

An award of attorney's fees to a plaintiff is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. <u>Steward v. Sears, Roebuck and Company</u>, at 2008 U.S. Dist. Lexis 34971, *4 (citing <u>Hensley v. Eckerhart,</u> 461 U.S. 424, 433, (1983); and <u>Interfaith Community Org. v. Honeywell, Int'l, Inc.,</u> 426 F. 3d 694, 703 n.5. (3d Cir. 2005). The reasonable hourly rate multiplied by the reasonable hours is known as the "lodestar." <u>Steward v. Sears, Roebuck and Company,</u> at 2008 U.S. Dist. Lexis 34971, *4; <u>Marthers v. Gonzalez,</u> 2008 U.S. Dist. Lexis 61715, *4 (Aug. 13, 2008, E.D. Pa.); (citing <u>Washington v. Philadelphia County Court of Commons Pleas,</u> 89 F. 3d. 1031, 1035 (3d Cir. 1996). Generally, the "lodestar" is presumed to be the reasonable fee. <u>Steward v. Sears, Roebuck and Company,</u> at 2008 U.S. Dist. Lexis 34971, *4).

The party requesting attorney's fees has the burden of demonstrating that the request is reasonable. <u>Id.</u> at *5, (citing <u>Rode v. Dellarciprete,</u> 892 F.2d 1177, 1183 (3d Cir. 1990). To satisfy this burden, the petitioner must submit evidence supporting the

2

hours worked and the rates claimed. Steward at 2008 U.S. Dist. Lexis 34971, *5 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

A.   CALCULATION OF THE LODESTAR

1.   Hourly Rate.

Plaintiff's counsel is seeking an hourly rate of $350.00 per hour. Counsel for the Plaintiffs has more than twenty-five years of experience in prosecuting and defending claims under the Fair Labor Standard Act and Pennsylvania's Wage Payment Act. (See Affidavit of Wolgemuth, paragraphs 1-2). Plaintiffs' counsel is not bound by the hourly rate set forth in the fee arrangement with Plaintiffs. Steward, 2008 U.S. Dist. Lexis 34971, *7-8; (citing Blanchard v. Bergeron, 489 U.S. 87, 93 (1989); Forgione v. AC&R Advertising, Inc., 147 F.R.D. 30, 33 (S.D. NY 1993). Over the past five years, Plaintiffs' counsel has billed at an hourly rate, depending on the case, generally between $250.00 and $450.00 per hour (See Wolgemuth Affidavit, paragraph 3).

The Third Circuit Court of Appeals has held that courts in their discretion may use the Philadelphia Community Legal Services, Inc. fee schedule in fixing a reasonable hourly rate for counsel in the Eastern District of Pennsylvania. Maldonado v. Houstoun, 256 F. 3d 181, 184, 187 (3d Cir. 2001); Bjorklund v. Phila. Housing Auth., 2003 U.S. Dist. Lexis 22274, (Nov. 20, 2003 E.D. Pa.); aff'd, 118 Fed. Appx. 524 (3d Cir. 2004); Steward, 2008 U.S. Dist. Lexis 34971, *17-18). The range of hourly rates effective April 1, 2006 from Community Legal Services of Philadelphia with an attorney with more than twenty-five years of experience is $325.00 to $410.00 per hour. (Wolgemuth Affidavit paragraphs 6-7). These rates are reasonable because the hourly rates have increased since April 1, 2006. See Steward, 2008 U.S. Dist. Lexis 34971, *9 ($375.00 per hour rate is

3

reasonable); Marthers v. Gonzales, 2008 U.S. Dist. Lexis 61715, *9 (Aug. 13, 2008 E.D. Pa.) (hourly rates of $130.00 - $380.00 per hour in 2002 were reasonable).

    2.     The hours worked are reasonable.

In this case, counsel represented fifty-one (51) Plaintiffs in seeking damages for unpaid overtime compensation and other unpaid wages. The amount of time spent in researching complex legal issues (66.00 hours) regarding the Fair Labor Standards Act, such as exceptions to the Act, and the ability to settle or negotiate a settlement is reasonable in this case. Counsel had numerous meetings and telephone conferences with fifty-one (51) Plaintiffs (111.20), prepared and filed the Complaint, the Amended Complaint and other pleadings (72.10 hours) and prepared wage calculations (53.00 hours). All of this time was reasonably spent on this case and there was no duplication of effort because other attorneys were not actively involved in this case. (Wolgemuth Affidavit, Exhibit C). Counsel for the Plaintiffs also spent 26.40 hours in meetings or conferences with counsel and others, 17.70 hours attending court conferences and 31.60 hours reviewing documents. (See Wolgemuth Affidavit, Exhibits A & B)). I have also spent 11.6 hours preparing the Fee Petition as of July 16, 2009 and will revise this figure when briefing is completed. Id. In fact, had the Plaintiffs been individually represented by separate counsel, the amount of fees incurred would have been much larger than the amount of fees that counsel is requesting in this case. A copy of actual time recorded is attached as Exhibit A to Wolgemuth's Affidavit and a breakdown of that time into separate categories is attached as Exhibit B.

Further, the time spent while preparing the fee petition is compensable so long as the hours spent are not excessive. Steward, 2008 U.S. Dist. Lexis 34971, *16; citing

Hernandez v. Kalinowski, 146 F. 3d 196, 199-200 (3d Cir. 1998); and Rush v. Scott's Specialty Gases, Inc., 934 F. Supp. 152, 156 (E.D. Pa. 1996).

Through July 16, 2009, counsel has expended 326.3 hours in the following activities: multiple meetings with approximately fifty-one (51) Plaintiffs, preparing and revising the complaint and amended complaint, research regarding complex issues regarding the taxi exemption to the Fair Labor Standards Act, motor carrier exemption to the Fair Labor Standards Act, the ability to settle with court approval, researching Pennsylvania Law regarding the taxi driver exemption, preparing and/or checking wage calculations and amounts owed, numerous phone calls with defense counsel and counsel for Red Rose Transit, numerous meetings and communications with clients, along with the time spent on the Rule 16 conference, the settlement negotiations and obtaining Court approval of the settlement.

In addition, approximately 23.3 hours of paralegal time was used in verifying the wage calculations prepared by Defendants, preparing exhibits to the Fee Petition and electronically filing documents with the Court. Other than the time incurred by Attorney Wolgemuth, there were only 1.6 hours billed by other attorneys. The total hours expended by counsel is reasonable and fair considering the work performed. Further, had this case been tried, the total damages could have exceeded $400,000.00. Comparing the total fees with the number of Plaintiffs represented, the average cost per Plaintiff is $2,267.30. Considering that legal fees could have amounted to $50,000.00 to $100,000.00 per case if the claims were pursued piece meal, counsel's fees are reasonable.

Counsel for the Plaintiffs has also incurred costs including $350.00 to file the Complaint, UPS fees of $44.09 and $31.52, along with process service fees of $170.00. In addition, counsel has incurred postage and copying costs of $203.17 and $1,396.60 and mileage costs of $116.40. The total costs are $2,329.88. These fees and costs are also reasonable.

III. CONCLUSION

Based upon the above, counsel for the Plaintiffs petitions this court for an award of reasonable attorney's fees of $115,632.50, paralegal fees of $1,747.50 and costs in the amount of $2,329.88, or a total of $117,962.38.

Respectfully submitted,

DEVINE LAW OFFICES, LLC

Date: July 20, 2009      By: _____
Kirk L. Wolgemuth, Esquire
Attorney I.D. #45792
Attorneys for Plaintiffs
115 East King Street, Suite 300
Lancaster, PA 17602
717 / 390 3020
kwolgemuth@devineoffice.com