IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ANDERER, CARLOS AGOSTA-RIVERA, JAMES AMBROSE, JR., JOSEPH APONTE, ELVIN AVILES-MENDEZ, CHRISTINE BAILEY, MELISSA BAIR, TYRONE BLUME, PATRICK CHERY, JOSEPH CLARK, JOHN CLINGER, SANDRA COATES, MARY COSTELLO, PETER CUTHBERT, THOMAS L. DEACON, KEVIN DEPREFONTAINE, VALERIE FORD, MARK GERASIM, MONICA GRAY, LARRY GROFF, RAFAEL GUZMAN, JANICE HARMES, MERVIN HIGH, MICHAEL HOLLINGSWORTH, GLENN JACOBSON, JENNIFER JONES, RICHARD KELLUM, ELSIE KORTH, JOHN LENTZ, JOHN LUCAS, CARMEN MALDANADO, BLAINE MCCAMANT, MEREDITH MCHARG, CANDI MEDINA, JOSE MEDINA, JEFFREY MERRITT, ROBERT MEYERS, AISSA MILLS, DOUGLAS J. MOECKEL, KENNETH MOULTRIE, EDWARD NATAL, MILDRED OGUENDO, DORIS PEREZ, JOSEPH PEREZ-FELICIANO, NORBERTO PEREZ-FELICIANO, GLADIXA PEREZ- SERRANO, JEFFERY RUTH, DONALD SHAUB, MONICA WHITEHEAD, MOSZELL WILLIAMS, ROBERT ZERN, IRVIN ZINK and RED ROSE TRANSIT AUTHORITY,<br>    Plaintiffs,<br><br>v.<br><br>MODEL MANAGEMENT SERVICES, INC., d/b/a FRIENDLY TRANSPORTATION, TIMOTHY SCHWARTZ, JOHN SCHWARTZ, PRO DRIVERS, INC., ELIZABETH A. SCHWARTZ, and MARTHA H. SCHWARTZ,<br>    Defendants. | NO. 08-CV-4721<br><br>CIVIL ACTION |

1

**ORDER**

**AND NOW**, this 12th day of August, 2009, it is **ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 43) is **GRANTED in part and DENIED in part** as follows:

1.  The individual Plaintiffs and Plaintiff Red Rose Transit Authority initiated this action on October 1, 2008, bringing claims for breach of contract and for violations of the Fair Labor Standards Act, Pennsylvania's Minimum Wage Act, and Pennsylvania's Wage Payment and Collection Law.  Doc. No. 1; see 29 U.S.C. § 216(b); 43 Pa. Con. Stat. §§ 333.104, 260.10.  The Parties agreed to a settlement in principle on January 6, 2009.  (Doc. No. 30.)  As part of that settlement, Defendants agreed "to pay reasonable fees and costs incurred by counsel for the individual Plaintiffs."  (Id. ¶ 10.)  The Parties further agreed that "[a]ny dispute respecting these counsel fees and costs" would be "finally resolved" by me.  Id.; see also 29 U.S.C. § 216(b) (authorizing the award of "reasonable" attorneys' fees to prevailing plaintiffs in FLSA actions); 43 Pa. Con. Stat. § 260.9a (authorizing the award of "reasonable" attorneys' fees to prevailing plaintiffs in Wage Payment and Collection Law actions).

2.  I approved the Parties' final settlement of this matter on July 2, 2009.  (Doc. No. 40.)  The total amount paid to the fifty-one individual Plaintiffs was $168,255.94, with an average recovery of $3,235.69 per Plaintiff.  (Doc. No. 45, Ex. D.)

3.  On July 20, 2009, Plaintiffs' counsel, Kirk L. Wolgemuth, filed a Motion seeking $115,632.50 in attorneys' fees -- a sum equal to almost 70% of the total settlement.  (Doc. No. 43.)  Mr. Wolgemuth also seeks $2,329.88 in costs.  Defendants filed an Opposition on July 27, 2007.  (Doc. No. 47.)  Mr. Wolgemuth submitted his Reply on July 30, 2007, and requested an

additional $1,645 in fees for the 4.7 hours he spent reviewing Defendants' Opposition and preparing his Reply.  (Doc. No. 47 at 8.)

       4.       The Parties agree that I should employ the "lodestar" formula commonly used in this Circuit to determine the reasonableness of attorneys' fees.  See Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001); Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001) (employing the lodestar formula to determine reasonableness of attorneys' fees under the Fair Labor Standards Act).  Under this formula, the Court multiplies the number of hours that counsel reasonably expends by a reasonable hourly rate.  See Maldonado, 256 F.3d at 184.

**Hourly Rate**

       5.       "The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable."  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  "The starting point in ascertaining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive."  Loughner, 260 F.3d at 180 (quotations omitted).  Mr. Wolgemuth -- who has been a member of the bar for more than twenty-five years -- contends that a $350 hourly rate is reasonable for his work in the instant matter, and states that over the past five years he has billed between $250 and $450 per hour, "depending on the case."  (Doc. No. 43 at 3.)  Mr. Wolgemuth also relies on the fee schedule established by Community Legal Services, Inc., which the Third Circuit has cited with approval as a "fair reflection of the prevailing market rates in Philadelphia."  Maldonado, 256 F.3d at 187.  Under the CLS Schedule, the range of hourly rates for Philadelphia attorneys with more than twenty-five years of experience is $325 to $410 per hour.

       6.       I do not believe that Mr. Wolgemuth has met his burden of establishing that $350

an hour is reasonable. The CLS Schedule reflects the "prevailing market rates in Philadelphia," not Lancaster County, where all the Parties reside, the incidents on which this lawsuit is based occurred, and all counsel practice. Maldonado, 256 F.3d at 187; see also Loughner, 260 F.3d at 180 ("Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community."); Doc. No. 46 at 3. Moreover, the Contingent Fee Agreements in this matter provide that each individual Plaintiff "agree[s] that [Mr. Wolgemuth's] hourly rate is two-hundred fifty dollars ($250.00) per hour if the court awards attorneys' fees in the claim against the defendants." (Doc. No. 46, Ex. A at 3.) Although these Agreements are not binding on me, they suggest that the $350 hourly rate Mr. Wolgemuth seeks is not reasonable. In these circumstances, I conclude that $250 is a reasonable hourly rate. As I explain below, however, because some of the tasks performed by Mr. Wolgemuth should more appropriately have been performed by an associate, I will further reduce his rate for these tasks accordingly.

### Legal Research

7.   Defendants object to Mr. Wolgemuth's request to be paid his maximum rate for all services performed, regardless of their nature. See Loughner, 260 F.3d at 180 ("A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable."). For example, with the exception of one hour of research performed by an associate at an hourly rate of $150, Mr. Wolgemuth personally did all the legal research in this case, and seeks his maximum hourly rate for this time. Defendants object, arguing that legal research should have been performed by an associate at a much lower rate. With the exception of research on the "kickback issues" (discussed below), Mr. Wolgemuth has not responded to this argument. In

these circumstances, I conclude that $150 is a reasonable hourly rate for the time Mr. Wolgemuth spent conducting legal research.

8.  Defendants also contend that Mr. Wolgemuth spent "excessive, redundant, or otherwise unnecessary" amounts of time doing legal research. Maldonado, 256 F.3d at 184 (in determining whether the hours billed are reasonable, the Court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary").

9.  Mr. Wolgemuth spent: (1) 5.3 hours researching the applicability of the motor carrier exemption to the Fair Labor Standards Act in light of Packard v. Pittsburgh Transportation Co., 418 F.3d 246 (3d Cir. 2005); and (2) six hours researching the "taxi" exemption under the Fair Labor Standards Act and Pennsylvania's Wage Payment Act. Mr. Wolgemuth has not explained why this research was necessary. Moreover, aside from drafting an extremely brief letter in which he disputed the applicability of the FLSA motor carrier exemption, Mr. Wolgemuth has not shown how he used any of this research. (Doc. No. 47, Ex. A.) In these circumstances, I agree that this charge is excessive and will reduce the 11.3 hours for this legal research to three hours.

10.  Mr. Wolgemuth spent 5.5 hours researching "kickback issues"; *i.e.*, issues related to Plaintiffs' allegation that Defendants "obtain[ed] payments from the [individual] Plaintiffs to help [Defendants] fund [their] insurance costs." (Doc. No. 47 at 4.) In response to Defendants' challenge to this time charge, Mr. Wolgemuth asserts (without explanation) that this issue was "complex" and "could not have been conducted by an associate." (Id.) He has not, however,

5

explained how he used the research in this case. In these circumstances, I agree that this time charge is excessive and will reduce it to two hours.

11. Mr. Wolgemuth spent 3.6 hours researching "willful [FLSA] violation[s]." (Doc. No. 47 at 3.) He again maintains that this was a "complex issue" with significance "because the statute of limitations for willful violations is three (3) years, rather than two (2)." (Id. at 4.) Mr. Wolgemuth -- who has twenty-five years of experience litigating FLSA actions (Doc. No. 43 at 3) -- has not explained why almost four hours of research was required to ascertain the applicable limitations period. Accordingly, I will reduce this time charge to one hour.

12. Mr. Wolgemuth spent 3.9 hours -- 1.9 hours before Plaintiffs filed their Complaint, and two hours before they filed their Amended Complaint -- researching "third party beneficiary" issues. He has not explained why additional research on this issue was necessary to prepare the Amended Complaint, nor does an examination of the Amended Complaint reveal any such necessity. Accordingly, I will reduce the 3.9 hours to two hours.

13. Mr. Wolgemuth spent 3.3 hours researching "filing and forms," "service of [the] Complaint," and the "proper person [on whom] to serve [the] [C]omplaint." I agree that this time charge is excessive for an attorney with Mr. Wolgemuth's experience. Accordingly, I will reduce this time charge to one hour.

14. Mr. Wolgemuth and his associate spent 1.7 hours researching a possible claim for civil conspiracy. Defendants argue that any time billed for this research should be excluded because Plaintiffs never brought a civil conspiracy claim. Doc. No. 46 at 12; cf. Brown v. Nutrition Mgmt. Serv. Co., No. 06-2034, 2009 WL 222352, at *3 (E.D. Pa. Jan. 26, 2009) ("Where a plaintiff does not prevail on a claim which is distinct from her successful claim, the

6

hours spent on the unsuccessful claim should not be included in the lodestar calculation.") (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  Moreover, it is not apparent how the facts alleged could give rise to a civil conspiracy claim.  In these circumstances, I will exclude the .7 hours Mr. Wolgemuth spent on this research, but will allow the hour spent by his associate.

15.     Mr. Wolgemuth spent 10.9 hours researching "caselaw interpreting the term 'lodestar'" in connection with his Motion for Attorneys' Fees.  (Doc. No. 47 at 4.)  Mr. Wolgemuth has not attempted to explain why he spent this much time researching a straightforward method of calculating fees.  Moreover, having litigated FLSA claims for twenty-five years, surely Mr. Wolgemuth was familiar with lodestar fee calculations.  Accordingly, I will reduce this time charge to one hour.

16.     Mr. Wolgemuth spent .7 hours researching language for the releases used to settle this matter.  Defendants object because "[a]ll of the releases in this matter were researched and prepared by Counsel for Defendants."  (Doc. No. 46 at 14.)  I conclude, however, that the individual Plaintiffs were entitled to Mr. Wolgemuth's evaluation of the language provided by defense counsel.  Accordingly, I will allow this charge.

17.     Mr. Wolgemuth spent 7.1 hours researching collective actions under the FLSA "as a result of the Court's request in a telephone conference between counsel."  (Doc. No. 47 at 4.)  Defendants contend that this charge is excessive.  I agree.  During a telephone discussion with all counsel respecting whether Mr. Wolgemuth was prosecuting this matter as a "collective action," it appeared that Mr. Wolgemuth did not know the law governing collective actions.  Accordingly, I ordered both sides to review the applicable law before our next teleconference.  During that follow-up conference, it appeared that Mr. Wolgemuth's knowledge of the law

governing collective actions had not grown appreciably.  In these circumstances, I will reduce this time charge to 1.5 hours.

### Complaint and Amended Complaint

18. Mr. Wolgemuth spent a total of thirty-eight hours preparing the Complaint (21.2 hours) and the Amended Complaint (16.8 hours) in this matter.  Defendants challenge this as excessive, redundant, and otherwise unreasonable.

19. I agree that the time billed for preparing the Amended Complaint is excessive. Plaintiffs filed their Amended Complaint on October 20, 2008, nineteen days after filing their initial Complaint.  (Doc. No. 2.)  The Amended Complaint included three new Defendants: Pro Drivers, Inc., and its officers Elizabeth and Martha Schwartz.  The claims Plaintiffs brought against Pro Drivers are identical to the claims they brought against Model Management in the original Complaint: that Pro Drivers (acting as a subcontractor or "alter ego" of Model Management) failed to pay the individual Plaintiffs overtime and wages at contractually required rates.  (Id. ¶ 140.)  The only other substantive change in the Amended Complaint is the addition of a claim on behalf of RRTA -- not the individual Plaintiffs -- that Model Management breached its contracts with RRTA by hiring drivers from another company.  (Id. ¶ 167.)  Mr. Wolgemuth has not explained why these amendments required 16.4 hours of additional work.  Moreover, as Defendants point out, they did not agree to pay for counsel fees incurred in connection with RRTA's claims.  Mr. Wolgemuth has not distinguished between the time he spent on the individual Plaintiffs' claims and those brought by RRTA.  (Doc. No. 46 at 17.)  In these circumstances, I will reduce the time expended on preparation of the Amended Complaint to two hours.  I will not reduce the time Mr. Wolgemuth spent preparing the initial Complaint.

### Discovery

20.     Mr. Wolgemuth spent 18.6 hours preparing discovery.  (Doc. No. 46 at 6.) Defendants note that the only discovery Plaintiffs propounded was a simple, two page request for documents containing nine requests.  (Doc. No. 46 at 6-7.)  Mr. Wolgemuth has not responded to Defendants' objection.  In these circumstances, I agree that this charge is excessive and will reduce the time to one hour.

### Motion to Withdraw

21.     Mr. Wolgemuth spent 4.5 hours researching and preparing a Motion to Withdraw his representation of Joseph Aponte, who initially was unwilling to agree to the proposed settlement.  When Mr. Aponte subsequently agreed to the settlement, however, Mr. Wolgemuth withdrew his Motion to Withdraw.  I agree that 4.5 hours was not necessary to prepare a simple two-page Motion and a two-page brief.  (Doc. Nos. 32, 33.)  Accordingly, I will reduce this time charge to one hour.

### Motion for Attorneys' Fees

22.     Apart from the hours spent conducting legal research, Mr. Wolgemuth seeks payment for 9.9 additional hours he spent preparing the Motion for Attorneys' Fees.  See, e.g., Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 537 (3d Cir. 1997) ("It is well-settled that under federal law, the time expended by attorneys in obtaining a reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award.") (quotations omitted).  I agree that 9.9 hours was not necessary to prepare a five-and-a-half page Motion.  Accordingly, I will reduce this time charge to two hours.  I will not, however, reduce the other time charges incurred in connection with the Motion: (1) the 5.8 hours a paralegal spent preparing fee

spreadsheets (at $75 an hour); or (2) the 4.7 hours Mr. Wolgemuth spent reviewing and replying to Defendants' thirty-one page Opposition.

### Service and Filing of the Complaint

23.   Mr. Wolgemuth spent 4.3 hours: (1) preparing the Complaint for filing and service; (2) meeting with the process server; and (3) verifying the individual Plaintiffs' addresses to finalize the Releases.  Defendants argue that these tasks were more effectively completed by paralegals or legal secretaries, and that Mr. Wolgemuth's hourly rate for these tasks should be reduced.  (Doc. No. 46 at 26.)  Accordingly, I will reduce the hourly rate for these entries to $150.

### Wage and Overtime Calculations

24.   60.8 total hours were spent calculating wage and overtime amounts due to the individual Plaintiffs, including: (1) 13.4 hours spent by a paralegal at $75 an hour; and (2) 47.4 hours spent by Mr. Wolgemuth.  Defendants argue that this time is excessive and that these hours should be billed at a lower rate to reflect the level of skill required.  Defendants further argue that these charges "directly contradict[] the agreement between the parties" that: (1) counsel for Defendants would prepare wage and overtime calculations, including "detailed calculation summaries for each individual plaintiff"; and (2) that RRTA "would be responsible for reviewing payment and wage information prepared by Counsel for Defendants" so as to "reduce the number of hours Plaintiffs' Counsel would be seeking reimbursement for at the fee petition stage."  (Doc. No. 46 at 20; Doc. No. 45 ¶ 8.)  Mr. Wolgemuth acknowledges this agreement, but has not explained why RRTA was unable to perform the agreed upon review.  (Doc. No. 47 at 5.)  In these circumstances, I believe that the time charged is unreasonable.  Accordingly, I will reduce

the hours Mr. Wolgemuth spent calculating wage and overtime amounts from 47.4 hours to 25.5 hours (*i.e.*, thirty-minutes per client), to be billed at an hourly rate of $150. I will not reduce the hours or rate sought for the work performed by the paralegal.

### Conferences With Co-Counsel

25. Defendants object to the 13.2 hours Mr. Wolgemuth spent conferring with counsel for RRTA and the Director of RRTA. (Doc. No. 46 at 22.) I do not agree. Mr. Wolgemuth should be compensated for the time he spent in conference. Insofar as Defendants object to conferences that concerned the preparation of the Complaint and the Amended Complaint, I have separately addressed the reasonableness of those time charges.

### Costs

26. Mr. Wolgemuth seeks $2,329.88 in costs, including $1,396.00 for photocopying. Defendants challenge the copying charge as unreasonable, noting that Defendants provided Plaintiffs with "two full sets of each individual plaintiff's employment records, including pay stubs," as well as "copies of the Releases signed by each plaintiff." (Doc. No. 46 at 27.) Mr. Wolgemuth responds that the majority of these photocopying expenses were incurred providing each of his fifty-one clients with copies of all documents in this case, including the Complaint and Amended Complaint. (Doc. No. 47 at 7.) In these circumstances, I believe that this charge is reasonable and will not reduce it.

### <u>Lodestar Calculation</u>

27. As a result of my reduction of the described hourly rates and time charges, the lodestar is $55,312.50, calculated as follows:

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Kirk Wolgemuth | Attorney | 187.5 | $250.00 | $46,875.00 |
|  |  | 43 | $150.00 | $6,450.00 |
| Hanna-Aurelia Dunlap | Attorney | 1.00 | $150.00 | $150.00 |
| Christopher Scott | Attorney | .6 | $150.00 | $90.00 |
| Jennifer Shellenberger | Paralegal | 2.4 | $75.00 | $180.00 |
| Melinda Wright | Paralegal | 20.90 | $75.00 | $1,567.50 |
|  |  |  | **Total** | **$55,312.50** |

28.   I also conclude that $55,312.50 is a reasonable fee when cross-checked against the percentage-of-recovery.  See In re Prudential Ins. Co., 148 F.3d 283, 333 (3d Cir. 1998) ("Although each of [the lodestar and percentage-of-recovery methods] is generally applied to certain types of cases, we have noted previously that it is sensible for a court to use a second method of fee approval to cross check its initial fee calculation.") (quotations omitted).  The lodestar equals 32.8% of the total settlement.  This percentage compares favorably with counsel fees awarded in this District.  See, e.g., In re Janney Montgomery Scott LLC Fin. Consultant Litig., No. 06-3202, 2009 WL 2137224 (E.D. Pa. July 16, 2009) (awarding attorneys' fees of thirty percent of the settlement fund in an FLSA action).  Moreover, the Contingent Fee Agreements that Mr. Wolgemuth executed with each individual Plaintiff provided for a contingent fee of 33% of the "full settlement paid by the defendant to settle the case or to pay the verdict or judgment, if the case is not settled."  Doc. No. 46, Ex. A at 2; see also In re AT&T Corp., 455 F.3d 160, 165 (3d Cir. 2006) (a district court may consider "the percentage fee that

would have been negotiated had the case been subject to a private contingent fee agreement at the time counsel was retained").

29. As I have explained, I also conclude that $2,329.88 is a reasonable charge for costs. Accordingly, I award $57,642.38 to Plaintiffs' Counsel for all fees and costs.

**IT IS SO ORDERED.**

/s/ Paul S. Diamond

_____
**Paul S. Diamond, J.**